# Exhibit A

Cause No. JS21-00019G

| | | |
|---|---|---|
| JACKSON PAVELKA | § § § | IN THE JUSTICE COURT |
| PLAINTIFF, | § § | |
| V. | § § | PRECINCT 4, PLACE 1 |
| NEBRASKA FURNITURE MART, INC. | § § § | |
| DEFENDANT. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff, JACKSON PAVELKA, and complains of Defendant NEBRASKA FURNITURE MART, INC., and would show the Court as follows:

### I.
### DISCOVERY

Pursuant to Rules 190.1 and 190.2 of the Texas Rules of Civil Procedure, notice is hereby given to the Court and the parties that the discovery to be completed in this case is intended to be conducted under Level Three of the stated rule.

### II.
### RULE 193.7

Pursuant to Rule 193.7 to the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby gives notice to all parties that Plaintiff intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records and discovery responses) during the trial of this matter as authenticated.

DALLAS COUNTY, TEXAS
JUSTICE OF THE PEACE 4-1

2021 JAN 14  AM 8:51

FILED

## III.
## PARTIES, JURISDICTION, AND VENUE

Plaintiff Jackson Pavelka is a citizen of the State of Texas and resides in the home located at 1516 Mosley Drive,, Irving, Dallas County, Texas, 75060.

Defendant Nebraska Furniture Mart, Inc.. ("NFM") is a foreign corporation with its principal place of business located at 700 S 72nd St, Omaha, NE 68114. NFM may be served process through its Registered Agent, Incorp Services, Inc at 5601 S 59th St, Ste C, Lincoln, NE 68516.

Venue of this suit is proper in Dallas County, Texas, pursuant to Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code. The calls at issue were placed to Plaintiff on his cellular phone, which he uses as a residential line as well, and as such the harmful conduct occurred in Dallas County. TEX. CIV. PRAC. & REM. CODE §15.005.

Plaintiffs seek only monetary relief within the jurisdictional limits of this Court.

## IV.
## FACTS

Plaintiff received unwanted, unsolicited, and autodialed calls to his cellular telephone in violation of Texas statutory law. The Defendant engaged in this illegal conduct using equipment prohibited by the Telephone Consumer Protection Act and harassed the Plaintiff for purposes of profit. None of the calls received by the Plaintiff were related to any emergency purpose and were made without prior express consent.

Defendant utilizes autodialer technologies to issue delivery reminders to customers. There is not mention or disclosure of such a activities in the terms and conditions listed on NFM's invoices.

These calls occurred despite the subject phone number being listed on the Do Not Call Registry. Because a listing on the Do Not Call Registry must be honored indefinitely or until the

PLAINTIFF'S ORIGINAL PETITION
PAGE 2

registration is cancelled by the consumer, these Defendant violated the law. Federal statute allows for a private right of action to persons who receive impermissible telephone solicitations, thus triggering this lawsuit.

A.  Plaintiff

Plaintiff is a "person" as defined in the Texas Business and Commerce Code and his phone number is assigned to cellular telephone services. The Plaintiff began receiving automated phone calls regarding the delivery of a furniture purchase in January of 2021. The calls occurred early in the morning, late in the evening, and days before the delivery date of the purchase.

Defendant, willfully, knowingly, or intentionally, contacted Plaintiff despite the registry of cell phone number (314) 306-XXXX on the appropriate Do-Not-Call registries. The unauthorized communications occurred on the following dates: January 6, 2021 (1 call); January 7, 2021 (1 call); January 8, 2021 (1 call); January 9, 2021 (1 call).

Plaintiff was harmed by these calls. He was temporarily deprived of the legitimate use of his phone. Moreover, these calls injured the Plaintiff because they were frustrating, obnoxious, annoying, constituted a nuisance, and overall disturbed the privacy and solitude of the Plaintiff.

On January 7, 2021, Defendant was provided written notification of the intention to seek statutory penalties and attendant damages in accordance with the Telephone Consumer Protection Act provisions regulating telephone solicitation. Such correspondence also repeated notification of registry on appropriate do not call registries and provided an opportunity to resolve this matter prior to litigation. Upon receipt, NFM did not respond.

B.  Defendant

1.  Nebraska Furniture Mart, Inc.,

V.

## HISTORY AND APPLICATION OF THE TCPA

In enacting the TCPA, Congress identified two separate purposes: (a) to protect residential telephone users right-to-privacy and (b) to protect all persons from the abuse of automated dialing technologies. Specifically, Congress stated:

> The purposes of the bill are [A] to protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and [B] to facilitate interstate commerce by restricting certain uses of facsimile (fax) machines and automatic dialers. (emphasis added).
> S. REP. 102-178, ** 1968 (Oct. 8, 1991)

In enacting the TCPA, the Congress made 15 express findings, including:

> (14) Businesses also have complained to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls are a nuisance, are an invasion of privacy, and interfere with interstate commerce.
>
> (15) The Federal Communications Commission should consider adopting reasonable restrictions on automated or prerecorded calls to businesses as well as to the home, consistent with the constitutional protections of free speech.
>
> PL 102-243, December 20, 1991, 105 Stat 2394

The TCPA makes it illegal to make a telephone call to any cellular telephone number, whether that number is used for business purposes or for residential purposes, using either an ATDS or

an artificial or prerecorded voice. Specifically, 47 U.S.C. § 227(b)(1)(A)(iii) states in relevant part:

> It shall be unlawful for any person within the United States, ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice... <u>to any telephone number assigned to a paging service, cellular telephone service,</u> specialized mobile radio service, or other radio common carrier service, or any service; ... . (emphasis added).

Likewise, regulations enforcing the TCPA make clear that the TCPA's prohibition on robocalls using an ATDS or artificial or recorded voice include such calls made to any cell phone. Specifically, TCPA regulations state:

> (a) No person or entity <u>may:</u>
>
> <u>(1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice;</u>
>
> (iii) <u>To any telephone number assigned to a ... cellular telephone service,</u> ... .
>
> 47 .F.R. § 64.1200 (a) (1) (3) (emphasis added).

DALLAS COUNTY, TEXAS
JUSTICE OF THE PEACE 4-1

2021 JAN 14 AM 8:51

FILED

The TCPA and TCPA regulations further specify that "the person or entity on whose behalf the telemarketing call is made" is also liable for any failures to honor the do-not-call request. 47 C.F.R. § 64.1200(d)(3), *see also* 47 U.S.C. § 227(c)(5)("by or on behalf of".).

Further, 47 C.F.R. § 64.1200 (c), which is a TCPA regulation authorized or referenced by 47 U.S.C. § 227(b)(3), states that:

> (c) No person or entity shall initiate any telephone solicitation to:
>
>> (1) Any residential telephone subscriber <u>before the hour of 8 a.m.</u> or after 9 p.m. (local time at the called party's location)...
>
>> (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. ... (emphasis added)

Under FCC interpretation and prior precedent, 47 CFR § 64.1200 (c) applies to any cellular telephone if the consumer uses that cellular telephone for residential purposes and has placed the number on the do-not-call registry. *See United States v. Dish Network, LLC*, 75 F. Supp. 3d 942, 961-62 (C.D. Ill. 2014), *vacated in other part on other grounds*, 80 F. Supp. 3d 917, 920 (C.D. Ill. 2015), citing 68 FR 4580–01, at 4632–33 (January 29, 2003). Residential purposes is not defined in the FCC interpretation, but the FCC noted that it will be more difficult to determine when a cellular phone is used for residential purposes, as compared to a landline connected to a

residence, and that therefore, any cell phone on the federal do-not-call registry should be presumed to be a residential phone. There is no indication that the temporary, former, or partial business usage of a phone used primarily for residential purposes somehow prevents the phone from being a "residential phone" if it is listed in the federal do-not-call registry. *See id.* at 961-62. 26. When a single telephone call violates both 47 U.S.C. § 227(b)(3) for using either an ATDS or an artificial or prerecorded voice and also 47 CFR § 64.1200 (c) for calling a residential number listed on the national Do–Not–Call registry, although it is only a single telephone call, two separate violations occur per call that will produce separate civil liabilities for each violation per call. *See, e.g., Lucas v. Jolin,* case no. 1:15-cv-108, 2015 WL 7292836, **3-5 (S.D. Ohio, Oct. 29, 2015) (ruling a single call using an automated voice recording to a residential number that was on the do-not-call registry produced two separate $1,500 violations for TCPA penalties per call for a total of $3,000 in TCPA violations per call).

Violations of the TCPA and TCPA regulations created under the TCPA create a private right of action pursuant to 47 U.S.C. § 227(b)(1)(3), which states:

> (3) PRIVATE RIGHT OF ACTION A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## VI.

### CAUSES OF ACTION AGAINST DEFENDANT

**Telephone Solicitation: Texas Business and Commerce Code § 305.053**

The Texas Business and Commerce Code regulates telephone solicitations made within Texas or to residents of Texas. *See* TEX. BUS. & COM. CODE § 302.101. A telephone solicitation is "a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item." TEX. BUS. & COM. CODE § 302.001. The code instructs courts to apply the statute liberally to protect persons "against false, misleading, or deceptive practices in the telephone solicitation business." TEX. BUS. & COM. CODE § 302.003.

A telephone solicitor is a person who makes, or causes to be made, a consumer telephone call, including a call made by an automated dial announcing service. TEX. BUS. & COM. CODE ANN. § 301.001(5). Defendant, individually, representatively, and collectively, are telephone solicitors as defined by the Business and Commerce Code. A consumer telephone call is an unsolicited call by a telephone solicitor to solicit a sale of a consumer good or service, solicit an extension of credit for a consumer good or service, or obtain information that will or may be used to directly solicit a sale of a consumer good or service or to extend credit for the sale. TEX.

PLAINTIFF'S ORIGINAL PETITION
PAGE 8

Bus. & Com. Code Ann. § 301.001(4). Each of the impermissible calls alleged herein fall within this statutory definition.

Defendant, individually and representatively, placed calls to the Plaintiff without regard for Texas protective acts barring telephone solicitation without express consent. Defendant made prohibited telephone calls and used an automatic dial announcing device to make telephone calls for the purpose of receiving an item in the absence of consent, and the Defendant knew or should have known such calls were being made to a mobile telephone. Tex. Bus. & Comm. Code § 305.001. Under § 305.053, a person who receives a communication that violates Chapter 305, Subchapter A (Prohibited Communications Made of Purpose of Solicitation) "may bring an action in this state against the person who originates the communication."

In addition to providing statutory authority to bring suit in Texas state court, Section 305.053(b) provides statutory damages to be calculated as the greater of $500 for each violation or the actual damages incurred. Furthermore, Section 305.053(c) authorizes the increase of the amount of the award of damages under subsection (b) to not more than the greater of $1,500 for each violation, or three times the actual damages upon a finding that the violation(s) were committed knowingly or intentionally. Plaintiff seeks $500 in damages for each call made in violation of the Act. Plaintiff further alleges that since these violations occurred knowingly and/or intentionally, he is entitled to the maximum increase in statutory damages of an additional $1,000 per violation (for a total of $1,500 per call).

**Violations of 47 U.S.C. § 227**

The Telephone Consumer Protection Act, or TCPA, regulates telephone solicitations made within the United States or to residents of the United States. The term "telephone solicitation" means the initiation of a telephone call or message for the purpose of encouraging

Plaintiff's Original Petition
Page 9

the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message." 47 U.S.C. § 227(A)(4).

Defendant, individually and representatively, placed calls to the Plaintiff without training their agents engaged in telemarketing on the existence and use of any do-not-call list or otherwise without regard for Federal and State protective acts barring telephone solicitation without express consent. Defendant made prohibited telephone calls and used an automatic dial announcing device to make telephone calls in the absence of consent, and the Defendant knew or should have known such calls were being made to a mobile telephone. Under § 227(b)(3), a person who receives a communication that violates 47 U.S.C. § 227(b)(3) "may bring an action in this state against the person who originates the communication."

In addition to providing statutory authority to bring suit in court, § 227(b)(3) provides statutory damages to be calculated as the greater of $500 for each violation or the actual damages incurred. Furthermore, § 227(b)(3) authorizes the increase of the amount of the award of damages under subsection (b) to not more than the greater of $1,500 for each violation, or three times the actual damages upon a finding that the violation(s) were committed knowingly or intentionally. Plaintiff seeks $500 in damages for each call made in violation of the Act. Plaintiff further alleges that since these violations occurred knowingly and/or intentionally, he is entitled to the maximum increase in statutory damages of an additional $1,000 per violation (for a total of $1,500 per call).

**Invasion of Privacy.**

Defendant intentionally intruded on Plaintiff's seclusion, solitude, or private affairs. The making of repeated or harassing phone calls without permission or consent is unreasonable and unwarranted. Plaintiff was temporarily deprived of the legitimate use of his phone. Plaintiff suffered monetary harm in paying for services that could not be fully used as well as mental

anguish from the harassing contact. Alternatively, Plaintiff pleads for nominal damages as a result of the invasion of privacy, and the entitlement to interest and court costs should he prevail.

## VI.
## DISCOVERY REQUESTS

Under the authority of Texas Rule of Civil Procedure 194, Plaintiff requests Defendant disclose the information or material described in Rule 194.2. Responses to Plaintiff's discovery requests shall be in writing and returned to Plaintiff at 1516 Mosley Dr, Irving, Texas, 75060 within 25 (twenty five) days from the service of this petition.

## VII.
## JURY TRIAL

Pursuant to Rule 504.1 of the Texas Rules of Civil Procedure, the Plaintiff requests a jury trial in the above-styled cause. Pursuant to Rule 504.1(b), the Jury Fee of $22.00 will be furnished to the court.

DALLAS COUNTY, TEXAS
JUSTICE OF THE PEACE 4-1

2021 JAN 14 AM 8:51

FILED

## PRAYER

WHEREFORE, Plaintiff, JACKSON PAVELKA respectfully requests that the Defendant be cited to appear and answer herein and that after final trial, Plaintiff recovers:

1. $500 in statutory damages for each and every violation of the 47 U.S.C. § 227(b)(1)(A)(iii)

2. $1,500 in statutory damages for each and every violation committed knowingly and/or intentionally;

3. Mental anguish damages upon a finding that Defendant acted knowingly or intentionally;

4. All court costs incurred by Plaintiff;

5. Pre-and post-judgment interest; and

6. A judgment for such other and further relief, both general and specific, at law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

JACKSON PAVELKA

By: /s/Jackson Pavelka
Jackson Pavelka, Pro Se
1516 Mosley Dr, Irving, TX 75060
jpavelka314@gmail.com
314.306.3822

DALLAS COUNTY, TEXAS
JUSTICE OF THE PEACE 4-1

2021 JAN 14 AM 8:51

FILED

## CONSENT TO EMAIL SERVICE

Pursuant to Rule 502.5 of the Texas Rules of Civil Procedure, Plaintiff, Jackson Pavelka consents to email service and the relevant email contact information is as follows:

Jackson Pavelka
jpavelka314@gmail.com

FILED
2021 JAN 14  AM 8:51
JUSTICE OF THE PEACE 4-1
DALLAS COUNTY TEXAS